UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | Case No. 11 B 09313 |
| LUIS MARTINEZ, | ) | Hon. Carol A. Doyle |
| | ) | |
| Debtor. | ) | |

**APPLICATION OF TRUSTEE'S ATTORNEYS FOR THE ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Much Shelist, P.C. ("Much Shelist"), through Norman B. Newman, one of its attorneys, and the Trustee herein (the "Trustee"), moves this Court, pursuant to Sections 330 and 331 of the Bankruptcy Code and Local Bankruptcy Rule 5082-1, for the allowance of final compensation in the amount of $8,136.00 and reimbursement of expenses totaling $445.71 for services rendered during the period July 18, 2011 through February 13, 2012. In support of this application, Much Shelist states as follows:

1. On March 7, 2011, the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. The Trustee was subsequently appointed interim trustee, qualified and continues to serve as Trustee in this case.

2. On July 28, 2011, an Order was entered authorizing the Trustee to employ Much Shelist as the Trustee's attorney in this case.

3. Much Shelist has no agreement with any other firm or person whatsoever with regard to its compensation in this case.

4. Much Shelist is entitled to receive final compensation in the amount of $8,136.00 plus reimbursement of out-of-pocket expenses in the amount of $445.71 for services rendered during the period July 18, 2011 through February 13, 2012.

5.  Much Shelist provided 15.50 hours of services on behalf of the Trustee during the time period covered by the application. The following is a summary of time expended, by individual, during the time period covered by this application.

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Norman B. Newman | 10.20 hrs. | $595.00/hr. | $6,069.00 |
| Jeffrey L. Gansberg | 5.30 hrs. | $390.00/hr. | 2,067.00 |
| | | | |
| **TOTAL** | **15.50 hrs.** | | **$8,136.00** |

6.  Attached hereto as Exhibit "A" is a statement of legal services rendered. The services are listed chronologically and are separated by activity. Certain time entries could have been listed under a different activity, but there is no duplication of time entries. The services were rendered in connection with and in furtherance of assisting the Trustee in the performance of his duties as delineated by §704 of the Bankruptcy Code. This application complies with the standards enunciated in <u>In re Continental Securities Litigation</u>, 572 F. Supp. 931 (N.D. Ill. 1983) <u>modified</u> 692 F.2d 766 (7th Cir. 1992).

7.  At all times relevant hereto, Much Shelist provided legal services in the most efficient and cost effective manner. Much Shelist's goal was to obtain a positive resolution of the matter at hand, while in the process minimizing the costs to the estate.

8.  During the time period covered by this application, Much Shelist's attorneys have provided services to the Trustee with respect to the following matters:

   **A.   General Administration (Tab No. 1):** A total of 12.00 hours of services were expended on General Administrative matters. At the Section 341 meeting, Trustee discovered that the Debtor failed to disclose a personal injury lawsuit pending in the Circuit Court of Cook County, captioned *Martinez v. Crespo*, case number 2010 L 010501 ("Personal Injury Suit").

Four months after the Section 341 meeting, counsel for the Debtor filed an amended Schedule C - Property Claimed As Exempt, claiming a $15,000.00 exemption in the Personal Injury Suit. Attorneys for the Trustee reviewed the amended exemption and communicated with the Trustee concerning the need to file an objection to the amended exemption based on the fact that neither Schedule B – Personal Property nor the Statement of Financial Affairs had been amended to list the Personal Injury Suit. It was only after correspondence with Debtor's counsel that the Schedule B and Statement of Financial Affairs were amended and filed with the Court. Attorneys for the Trustee conducted research into the issues relating to filing amended schedules and exemptions after the Section 341 meeting and prepared pleadings and appeared in Court on Trustee's objection to the amended exemption. Much Shelist engaged in extensive telephonic and written communications with counsel for the debtor regarding possible settlement of the Trustee's objection which resulted in a motion to compromise exemption claim. Time was spent preparing a notice, order and motion to compromise controversy and appearing in court on same. Upon the entry of an Order to compromise controversy, Much Shelist communicated with the personal injury attorney to release of funds. Through the efforts of the attorneys for the Trustee, a total of $10,000.00 was recovered for this estate.

The individuals who provided services in connection with this activity and the time expended by them are as follows:

| Attorney | Hours | Rate | Total |
| --- | --- | --- | --- |
| Norman B. Newman | 6.80 hrs. | $595.00/hr. | $4,046.00 |
| Jeffrey L. Gansberg | 5.20 hrs. | $390.00/hr. | 2,028.00 |
| | | | |
| **TOTAL** | **12.00 hrs.** | | **$6,074.00** |

3

B. **Retention of Professionals (Tab No. 2):** A total of .60 hours of time was expended by Much Shelist with the preparation of pleadings and appearances in Court on the Motion to Employ Attorneys.

The individuals who provided services in connection with this activity and the time expended by them are as follows:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Norman B. Newman | .50 hrs. | $595.00/hr. | $297.50 |
| Jeffrey L. Gansberg | .10 hrs. | $390.00/hr. | 39.00 |
| | | | |
| **TOTAL** | **.60 hrs.** | | **$336.50** |

C. **Disposition of Assets (Tab No. 3):** A total of 1.80 hours of time was spent by Norman B. Newman reviewing documents and corresponding with Debtor's personal injury attorney regarding the settlement of the Personal Injury Suit and the turnover of the proceeds. Time was also spent on telephonic and written communication with Debtor's counsel regarding amending Debtor's Schedule B, Statement of Financial Affairs and second amended Schedule C as well as a possible settlement offer of the Personal Injury Suit.

The individual who provided services in connection with this activity and the time expended by him is as follows:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Norman B. Newman | 1.80 hrs. | $595.00/hr. | $1,071.00 |
| | | | |
| **TOTAL** | **1.80 hrs.** | | **$1,071.00** |

D. **Claims Administration and Analysis (Tab No. 4):** A total of 1.10 hours of time was expended by Much Shelist reviewing the proof of claim filed by Nebraska Student Loan Program ("NSLP"). Telephonic and written communications with the representative of NSLP

4

requesting additional documentation to support claim. After further review of the requested information, the claim of NSLP was allowed.

The individual who provided services in connection with this activity and the time expended by him is as follows:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Norman B. Newman | 1.10 hrs. | $595.00/hr. | $654.50 |
|  |  |  |  |
| **TOTAL** | **1.10 hrs.** |  | **$654.50** |

9. During the time period covered by this application, Much Shelist incurred out-of-pocket expenses in the amount of $445.71. Attached hereto as Exhibit B is a detailed itemization of expenses. The charge for photocopies is 10¢ per page. Much Shelist submits that these expenses were reasonable and necessary in connection with the services provided to the Trustee.

10. The services rendered by Much Shelist provided a benefit to the Trustee, to the Debtor and to this estate. Much Shelist recognizes that the Trustee is not holding sufficient funds to pay the requested award of compensation and expense reimbursement in full.

**WHEREFORE**, Much Shelist Denenberg Ament & Rubenstein, P.C. respectfully requests that this Court enter an Order as follows:

1. Awarding Much Shelist final compensation in the amount of $8,136.00 plus reimbursement of out-of-pocket expenses in the amount of $445.71 for the period July 18, 2011 through February 13, 2012;

2. Authorizing the Trustee to pay Much Shelist the awarded compensation and expense reimbursement forthwith as an allowed Chapter 7 expense of administration of this estate; and

3. Granting such other and further relief as this Court deems just and appropriate.

>Respectfully Submitted,
>
>**Much Shelist, P.C.**
>
>By:   /s/ Norman B. Newman
>      One of Its Attorneys

Norman B. Newman (Atty. ID# 02045427)
**Much Shelist, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
312-521-2000